UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JUAN RIVERA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 22-cv-02215-LB<br><br>**ORDER GRANTING SUMMARY JUDGMENT**<br><br>Re: ECF No. 49 |

## INTRODUCTION

The plaintiffs, members of a union, sued their employer, the City and County of San Francisco (CCSF), for retaliation based on their complaints about (1) workplace safety, in violation of 42 U.S.C. § 1983, and (2) corruption and illegality in city government, in violation of California Labor Code § 1102.5. The CCSF moved for summary judgment on the grounds that no evidence supports (1) a municipal policy of retaliation for a § 1983 claim or (2) a § 1102.5 claim, given plaintiff Juan Rivera's lack of a role in the union's complaints about corruption and plaintiff Theresa Foglio-Ramirez's lack of an adverse employment action. The court grants the motion on these grounds.

## STATEMENT

Local 261, the individual plaintiffs' union, was a party to this lawsuit. It claimed that the CCSF retaliated against it for complaining about (1) unsafe and unsanitary working conditions for female

union members (and CCSF employees) (claim one) and (2) public corruption and unsanitary working conditions (claim two), in violation of 42 U.S.C. § 1983. The union and the two individual plaintiffs also claimed retaliation based on complaints about workplace safety, in violation of § 1983 (claim three), whistleblower retaliation in violation of Cal. Lab. Code § 1102.5 (claim four), and punishment of union members for exercising their union rights, in violation of the Meyer-Milias-Brown Act, Cal. Gov't Code § 3502.1 (claim five). In claims four and five, the plaintiffs also complained that the named plaintiffs suffered adverse employment actions.[1]

The court dismissed Local 261's claim for damages (but not for non-monetary relief) for lack of standing (claims one and two), its § 1102.5 claim (claim four) because it was not an employee, and all plaintiffs' § 3502.1 claim (claim five) for failure to exhaust administrative remedies.[2] Local 261 later withdrew from the lawsuit (without making any demand for settlement) after it negotiated and executed a new collective-bargaining agreement with the City.[3] That left the two individual plaintiffs with two claims: claim three for retaliation and claim four for whistleblower retaliation.

The plaintiffs are union members and city employees. Ms. Foglio-Ramirez works for the Department of Public Works (DPW) and is the business agent for the union.[4] Mr. Rivera worked for the Park and Recreation Department, now works for the DPW, and is the chief steward for the union.[5] The court has federal-question jurisdiction. The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1).[6] The court held a hearing on March 21, 2024.

## STANDARD OF REVIEW

The court must grant summary judgment where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v.*

---

[1] First Am. Compl. – ECF No. 1 at 66–69 (¶¶ 103–119). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 21.

[3] Yan Dec. – ECF No. 49-2 at 2 (¶ 5); Stipulation for Dismissal – ECF No. 42.

[4] Foglio-Ramirez Decl. – ECF No. 51-1 at 2 (¶ 1).

[5] Rivera Decl. – ECF No. 51-2 at 2 (¶¶ 2–3).

[6] Consents – ECF Nos. 10, 11.

*Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material facts are those that may affect the outcome of the case. *Id.* at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248–49.

The party moving for summary judgment has the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex*, 477 U.S. at 325). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets its initial burden, then the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Nissan*, 210 F.3d at 1103. "Once the moving party carries its initial burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must provide affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial.") *Devereaux*, 263 F.3d at 1076 (cleaned up). If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322–23.

In ruling on a motion for summary judgment, the court does not make credibility determinations or weigh conflicting evidence. Instead, it views the evidence in the light most favorable to the non-moving party and draws all factual inferences in the non-moving party's favor. *E.g.*, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991).

In ruling on a summary judgment motion, the court "need only consider the cited materials." Fed. R. Civ. P. 56(c)(3). A "district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). In other words, "whatever establishes a genuine issue of fact must *both* be in the district court file *and* set forth in the response." *Id.* at 1029; *see Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) ("[I]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact.").

## ANALYSIS

### 1. Retaliation — 42 U.S.C. § 1983 — Claim Three

The claim here is that the City has a municipal policy of retaliation against employees for complaining about workplace safety.[7] The court grants summary judgment because the plaintiffs have not shown a municipal policy or material disputes of facts establishing retaliation.

Local governments can be sued under § 1983 if the public entity maintains a custom, practice, or policy that amounts to deliberate indifference to a plaintiff's constitutional rights, and the policy results in a violation of a plaintiff's constitutional rights. *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 690–91 (1978). There are three ways to show a policy or custom:

> (1) by showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005) (cleaned up). The practice or custom must be more than "random acts or isolated events" and instead must be a "permanent and well-settled practice." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443–44 (9th Cir. 1988), *overruled on other grounds by Bull v. City and Cnty. of San Francisco*, 595 F.3d 964 (9th Cir.

---

[7] Opp'n – ECF No. 51 at 12 (characterizing claim); First Am. Compl. – ECF No. 1 at 69–71 (¶¶ 120–26).

2010). Thus, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy. . . ." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

The plaintiffs contend that they both were subjected to harassment and retaliation from department heads and the city administrator, Naomi Kelly, who oversaw their department.[8] A plaintiff can establish a *Monell* violation if "the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself constituted an act of official government policy." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (cleaned up). To establish a *Monell* claim through ratification, "a plaintiff must show that the 'authorized policymakers approve[d] a subordinate's decision and the basis for it.'" *Dasovich v. Contra Costa Cnty. Sheriff's Dep't*, No. 14-cv-00258-MEJ, 2014 WL 4652118, at *6 (N.D. Cal. Sept. 17, 2014) (quoting *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004)). "The policymaker must have knowledge of the constitutional violation and actually approve of it." *Id.* (citing *Lytle*, 382 F.3d at 987).

Neither plaintiff shows retaliation from a person with the policymaking authority required for a *Monell* claim or ratification (to the extent that the plaintiffs advance that as a theory).

Mr. Rivera lost his job as a supervisor in August 2021, allegedly within days of Local 261's filing of a grievance about contracting out union members' work to non-profits.[9] The loss came seventeen months after he complained about workplace safety in March 2020. It was a discrete personnel decision based on the lack of a budget, not a citywide policy controlled by the person who demoted him. He cites no evidence to the contrary.[10] This defeats his claim on the merits too. Even assuming constitutionally protected activity, there was no adverse action. *See Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016) (the elements of a First Amendment claim against a government official are (1) the plaintiff engaged in a constitutionally protected activity, (2) as a

---

[8] Opp'n – ECF No. 51 at 12–14.

[9] Rivera Decl. – ECF No. 51-2 at 3–4 (¶¶ 9–11); Foglio-Ramirez Dep., Ex. A to Yan Decl. – ECF No. 49-2 at 49–50, 53 (p. 62:24–63:13, 66:2–12).

[10] *See* Rivera Decl. – ECF No. 51-2 at 3–4 (¶¶ 11–14) (budget issues). The other persons who kept their jobs were responsible for a separate program that the union had not cancelled. Rivera Dep. – ECF No. 49-1 at 140:17–142:4 (pp. 50:17–52:4).

result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action). His job as Apprenticeship Coordinator was eliminated because Local 261 eliminated the apprentice program.[11] His conclusory statements about the alleged harassment of him (in the form of micromanagement and an anonymous text) do not amount to retaliation.[12] *Cf. Nunez v. City of Los Angeles,* 147 F.3d 867, 874–75 (9th Cir. 1998) (scolding an employee who complained about inexperienced candidates and threatening to transfer him was not actionable under the First Amendment).

Ms. Foglio-Ramirez cites alleged harassment: a veiled warning from city administrator Naomi Kelly to stop complaining (bolstered by reports by others that she was in the doghouse with Ms. Kelly), a remark by Svetlana Vaksberg about the FBI public-corruption investigation that she took as a threat, teasing by Larry Stringer about her workplace-safety complaints, a text from an unknown phone number about Ms. Vaksberg's investigation into DPW workers using SFMTA bathrooms, and a request from the city human-resources director Carol Isen to stop criticizing the city.[13] The remarks by Ms. Kelly and Ms. Vaksberg were about the complaints about City corruption, not complaints about workplace safety. The other comments are either attenuated from the safety complaints or not harassment. *Nunez,* 147 F.3d at 874–75. And nothing suggests an act of citywide policymaking.

In sum, the court grants summary judgment in favor of the CCSF on claim three.

.

### 2. Retaliation — Cal. Labor Code § 1102.5(b) — Claim Four

Section 1102.5 provides whistleblower protections to employees who disclose wrongdoing to authorities. Relevantly here, it prohibits an employer from retaliating against an employee for sharing information that the employee "has reasonable cause to believe discloses a violation of"

---

[11] Stringer Decl. – ECF No. 49-4 at 3 (¶ 8); Vaksberg Decl. – ECF No. 49-5 at 2 (¶¶ 3–4); Rivera Dep., Ex. C to Yan Decl. – ECF No. 49-2 at 146–148 (pp. 57:23–58:15, 59:14–24); Foglio-Ramirez Dep., Ex. A to Yan Decl. – ECF No. 49-2 at 24, 26 (pp. 32:11–25; 34:8–17); Durden Decl. – ECF No. 49-3 at 3 (¶¶ 9–10); Rivera Decl. – ECF No. 51-2 at 3–4 (¶¶ 11–13).

[12] Rivera Decl. – ECF No. 51-2 at 2 (¶ 5), 4 (¶ 15).

[13] Foglio-Ramirez Decl. – ECF No. 51-1 at 3 (¶ 9), 5 (¶ 16), 6 (¶ 20).

federal law with a government agency. *Killgore v. SpecPro Pro. Servs., LLC*, 51 F.4th 973, 982 (9th Cir. 2022) (quoting *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 709 (2022)) (cleaned up). To assert a claim for whistleblower retaliation in violation of § 1102.5, the plaintiff must establish by a preponderance of the evidence "that retaliation for an employee's protected activity was a contributing factor in a contested employment action." Then, "the burden shifts to the employer to demonstrate by clear and convincing evidence that it would have taken the action in question for legitimate, independent reasons even had the plaintiff not engaged in protected activity." *Id.* (quoting *Vatalaro v. Cnty. of Sacramento*, 79 Cal. App. 5th 367 (2022), quoting in turn *Lawson*, 12 Cal. 5th at 718) (cleaned up).

First, as to Mr. Rivera, as discussed in the last section, he complained only about workplace safety, which is the subject of claim three, not claim four. In his deposition, he responded "I don't remember" when asked, "can you think of any time when you have ever complained about corruption and illegality at DPW or in the city generally?"[14] As discussed in the last section, he did not suffer an adverse employment action.

Second, as to Ms. Foglio-Ramirez, she points to (1) the Vaksberg comment (discussed above), (2) a restaurant conversation between Mohammed Nuru, Naomi Kelly, and others about retaliating against the union,[15] (3) supervisor Aaron Peskin's accusation that she lied to the Board of Supervisors,[16] (4) a veiled threat from Ms. Kelly (in the form of relating how a burglary triggered a Mama Bear response to "take out anyone" who hurt her family) that she "interpreted as a warning to stop complaining about the corruption or else . . . face severe consequences, including but not limited to termination and possibly physical violence,"[17] and (5) Ms. Kelly's complaints to her union supervisor about her social-media use, which led to counseling (but no discipline).[18]

---

[14] Rivera Dep., Ex. C to Yan Decl. – ECF No. 49-2 at 241 (p. 174:5–10).

[15] Foglio-Ramirez Decl. – ECF No. 51-1 at 3 (¶ 6); Foglio-Ramirez Dep., Ex. A to Yan Decl. – ECF No. 49-2 at 97–98 (pp. 115:1–116:21).

[16] Foglio-Ramirez Dep., Ex. A to Yan Decl. – ECF No. 49-2 at 74–75 (pp. 88:4–89:25).

[17] *Id.* at 54–57, 59, 63–64 (pp. 67:24–70:17, 72:11–22, 76:19–77:12).

[18] *Id.* at 63–64, 61, 108–09 (pp. 67:16–68:9, 74:3–19, 127:18–128:7).

There was no adverse employment action. Ms. Foglio-Ramirez worked for the City, not the union. And the other alleged harassment had no effect on her City job.

"[A]n employee must demonstrate that he or she has been subjected to an adverse employment action that materially affects the terms, conditions, or privileges of employment, rather than simply that the employee has been subjected to an adverse action or treatment that reasonably would deter an employee from engaging in the protected activity." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1051 (2005). "Minor or relatively trivial adverse actions or conduct by employers or fellow employees that, from an objective perspective, are reasonably likely to do no more than anger or upset an employee cannot properly be viewed as materially affecting the terms, conditions, or privileges of employment and are not actionable, but adverse treatment that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion falls within the reach of the antidiscrimination provisions of sections 12940(a) and 12940(h)." *Id.* at 1054–55.

*Yanowitz* involved an employee's refusal to fire a sales clerk that her employer deemed unattractive, and the employer's subsequent, harassing investigation to create a pretext for termination. *Id.* at 1038–40. An employer's threat to derail an employee's career is an adverse employment action. *Id.* at 1060. It does not obviously apply here to an employer's complaint to the union about an employee's social-media activity. The other allegations are nothing like the conduct in *Yanowitz* and had no effect on Ms. Foglio-Ramirez's job.

In sum, the court grants summary judgment on claim four in favor of the CCSF.

## CONCLUSION

The court grants summary judgment in favor of the CCSF. This disposes of ECF No. 49.

**IT IS SO ORDERED.**

Dated: March 21, 2024

LAUREL BEELER
United States Magistrate Judge